Manuel ARBONA–CUSTODIO, et al.,
Plaintiffs, Appellants,

v.

Francisco DE JESUS–GOTAY, etc.,
Defendant, Appellee.

No. 88–1366.

United States Court of Appeals,
First Circuit.

Heard March 1, 1989.

Decided March 15, 1989.

Frank Rodriguez Garcia, Ponce, P.R., with whom Francisco J. Rodriguez Juarbe was on brief, for plaintiffs, appellants.

Jaime Brugueras, Hato Rey, P.R., with whom Hon. Hector Rivera Cruz, Secretary of Justice, Hon. Rafael Ortiz Carrion, Sol. Gen., Carlos Del Valle and Ramirez & Ramirez, Hato Rey, P.R., were on brief, for defendant, appellee.

Before BREYER and SELYA, Circuit Judges, and CAFFREY,* Senior District Judge.

PER CURIAM.

We have read the entire record in this case and carefully considered the parties' briefs and oral arguments. It is perfectly clear that we must affirm the district court's dismissal of plaintiffs' action.

There is no need to dally. The silhouette of the case is reflected in the opinion below, *see Arbona Custodio v. de Jesus Gotay*, 678 F.Supp. 40 (D.P.R.1988), and it would be pleonastic to trace it anew. Basically, plaintiffs were ousted from their "career" positions as deputy vice-presidents [1] of the Agricultural Credit Corporation (ACC), a corporation organized under the aegis of the Commonwealth of Puerto Rico. They sued Francisco de Jesus Gotay, ACC's president, individually and in his representative capacity, alleging that defendant cashiered them because of their political views. After a bench trial, the district court concluded otherwise. It found that (1) plaintiffs' original "appointments ... [to the disputed positions] did not comply with the applicable sections of ACC's Personnel Manual and, thus, were illegal," *id.* at 42; (2) plaintiffs "ha[d] no property interest in their employment" because they had been hired improperly, *id.* at 45;[2] and (3) plaintiffs failed to "adduce

---

* Of the District of Massachusetts, sitting by designation.

1. Each position was formerly denominated as "chief agronomist." *Arbona Custodio*, 678 F.Supp. at 41 n. 1. The change in nomenclature is immaterial for our purposes.

2. In this regard, the district court correctly anticipated our decisions to the effect that government employees hired in violation of Puerto Rico personnel regulations have no property interest in their improperly occupied positions and, hence, no due process right to a pretermination hearing. *See Santiago–Negron v. Castro–Davila*, 865 F.2d 431, 435–437 (1st Cir.1989); *Kauffman v. Puerto Rico Telephone Co.*, 841 F.2d 1169, 1173–74 (1st Cir.1988). In any event, the district court's alternative finding—that

sufficient evidence to show that their political affiliation was a substantial factor in defendant's decision" to oust them. *Id.* The court entered judgment for de Jesus Gotay. *Id.* at 46.

Plaintiffs struggle to convince us that the lower court committed some cognizable legal error, but this seems the reddest of herrings. The applicable law was clear-cut, and the judge, we think, applied the appropriate rules. Plaintiffs have not demonstrated the contrary. Rather, their grievance, at bottom, appears to be not one of law, but of fact: their strongly-worded 67–page brief rehearses the evidence and reargues its weight and purport. The effort, valiant though it may be, is foredoomed.

Where a district court sits without a jury, our proper function is far removed from attempts to decide factual issues afresh. "We are not at liberty to prepare a palimpsest." *Keyes v. Secretary of the Navy,* 853 F.2d 1016, 1019 (1st Cir.1988). Here, the district court's findings of fact seem plausible in light of the record as a whole. What we wrote in *Keyes,* therefore, is equally appropriate in this situation:

> Whether or not we, if writing on a clean slate, would have reached the same conclusion, we cannot presume to say that the lower court, in declining to find that discriminatory intent animated the [challenged personnel actions], made a blatant miscalculation. There were various permissible views of the proof—and it was the district judge's prerogative, indeed, his duty, to choose among them.

*Id.* at 1027; *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985); *Gierbolini–Colon v. Aponte–Roque,* 848 F.2d 331, 334–35 (1st Cir.1988); Fed.R.Civ. P. 52(a).

Plaintiffs also argue that the court erred in allowing the introduction of certain evidence anent the ACC's personnel practices and criteria. To the extent that any such assignments of error were properly preserved, they strike us as unavailing. *See Onujiogu v. United States,* 817 F.2d 3, 5 n. 4 (1st Cir.1987) ("review of . . . district court's factual findings antecedent to its rulings on the admissibility of evidence is [governed by] the clearly erroneous standard"). Given the district court's latitude in admitting or excluding evidence, *see, e.g., Freeman v. Package Machinery Co.,* 865 F.2d 1331, 1339–40 (1st Cir.1988); *Kelley v. Schlumberger Technology Corp.,* 849 F.2d 41, 45 (1st Cir.1988); *United States v. Tierney,* 760 F.2d 382, 387–88 (1st Cir.), *cert. denied,* 474 U.S. 843, 106 S.Ct. 131, 88 L.Ed.2d 108 (1985), and the *Onujiogu* standard, *supra,* we have no warrant to disturb either the judge's rulings, or the verdict, on the basis of plaintiffs' evidentiary arguments.

We need go no further. Because our perscrutation has left us with no "definite and firm conviction that a mistake has been committed," *In re Tully,* 818 F.2d 106, 109 (1st Cir.1987), quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948), the judgment below must stand.

*Affirmed.*

---

"even if a property right were present, . . . both the pre-termination opportunity afforded to plaintiffs and the due process post-termination process" were constitutionally acceptable, *Arbona Custodio,* 678 F.Supp. at 45; *see also id.* at 45 n. 4—derives adequate support from the record.